

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Farris Pirtle
County Auditor, Fannin County
Bonham, Texas

Dear Sir:

Opinion No. O-6298

Re: Salaries of county officials
under Section 13, Article 3912e,
Vernon's Annotated Civil Statutes.

Your letter of recent date requesting the opinion of this department on the question stated therein, is as follows:

"I am submitting for a ruling several questions regarding Section 13, Article 3912e, Revised Civil Statutes of 1925.

"Question No. 1:

"Under the provisions of this article which state 'Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935', would the Commissioners Court have the right to set as the minimum salary of the Officers named in this statute a figure that would include the fees of office collected for 1935 plus the amount of uncollected fees, reported as such uncollected fees for 1935, and collected in subsequent years; or must the Commissioners Court set the minimum salary of such official as the combined amount as reported to be collected and uncollected fees for the 1935, regardless of whether or not such delinquent fees, reported as such, for 1935 were ever collected by the official or the county, after the official's right to collect same had terminated?

"Question No. 2:

"In connection with the portion of Article 3912e, Section 13, quoted in question Number 1 herein, is it mandatory on the part of the Commissioners Court when

setting at the minimum amount the salaries of the
public officials named in this article that the
amount paid said officers as ex-officio compensa-
tion under Article 3895, Revised Civil Statutes of
1925 for the year 1935 be considered as a portion
of the amount earned by him in his official capa-
city as compensation for the year 1935?

"Question No. 3:

"In connection with the portion of Article
3912e, Section 13 quoted in Question No. 1 would
the Commissioners Court have authority to set the
salaries of county officials named in this statute
below the minimum amount as set out in this arti-
cle if each of said officers named therein, in good
faith, agree in writing to a setting of their sala-
ries by the Commissioners Court at a lessor figure than
the minimum amount as earned both as collected and
uncollected fees by said official in his official ca-
pacity for the year 1935?

". . .

Fannin County had a population of 41,163 inhabitants
according to the 1930 Federal Census. The population of said
county according to the 1940 Federal Census is 41,064 inhabit-
ants. Therefore, Section 13, Article 3912e, Vernon's Annotat-
ed Civil Statutes is applicable to said county.

Construing Section 13, Article 3912e, Vernon's An-
notated Civil Statutes, in opinion No. 0-409 (Conference Opinion
No. 3053) this department held, among other things, that the Of-
ficers' Salary Bill (Senate Bill No. 5, Second Called Session,
Forty-fourth Legislature) providing that each county officer com-
ing within its provisions should be paid as salary "no less than
the total sum earned as compensation by him in his official capa-
city for the fiscal year 1935", includes all compensation "earned"
by the officer in 1935, whether collected, or earned, and not col-
lected. A copy of this opinion is enclosed for your convenience.

In answer to your first question you are respectfully
advised that it is the opinion of this department that the mini-
mum salary of any county official named in Section 13, Article
3912e, includes all compensation "earned" by the officer in 1935,
whether collected, or earned and not collected. Stated different-
ly the minimum salary of any county official mentioned in Section
13, Article 3912e, cannot be less than the total sum earned as com-
pensation by the officer in his official capacity for the fiscal

year 1935, regardless of whether or not delinquent fees, reported as such, for 1935 were ever collected by the official or the county. And the maximum salary of any county official heretofore mentioned cannot be more than the maximum amount allowed such officer under laws existing on August 24, 1935. (In support of these statements, see the cases of Nacogdoches County v. Jinkins, 140 S. W. 2d 901; and Nacogdoches County v. Winder, 140 S. W. 2d 972).

With reference to your second question you are advised that this department has consistently held that ex officio compensation paid county officials under Article 3895, Vernon's Annotated Civil Statutes, must be included in determining the maximum compensation allowed county officials under Articles 3883 and 3891, Vernon's Annotated Civil Statutes. In view of Article 3912e, Section 13, and the cases heretofore mentioned, you are respectfully advised that the ex officio compensation paid county officials under Article 3895, Vernon's Annotated Civil Statutes, for the year 1935 must be considered as a portion of the amount earned by such county officials in their official capacities as compensation for the year 1935 and must be included by the Commissioners' Court when fixing the salaries of county officials under said Section 13, Article 3912e.

We now consider your third question. Generally speaking, a county official is entitled to be paid only for his official services in accordance with the provisions of the law. Section 13 of Article 3912e nor any other provision of the law which we have been able to find authorizes the Commissioners' Court to set the salaries of county officials below the minimum amount as provided in said Section 13, Article 3912e, although each of said county officers mentioned in said Section, in good faith, agrees in writing to a reduction of their salaries by the Commissioners' Court at a sum less than the minimum amount provided by statute. Such a procedure would also be against said Section 13, Article 3912e. Therefore, your third question is respectfully answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 4 1944

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW/JCP/DDT

Enclosures-5

